THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WADE M.[1],              :

    Plaintiff,

                         :        Case No. 3:25-cv-188

v.

                            Judge Walter H. Rice
                            Mag. Judge Karen L. Litkovitz
COMMISSIONER OF        :
SOCIAL SECURITY,

    Defendant.

---

**DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #10), AND OVERRULING OBJECTIONS THERETO OF PLAINTIFF, WADE M. (DOC. #11); JUDGMENT SHALL ENTER IN FAVOR OF DEFENDANT COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF, AFFIRMING THE DEFENDANT COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY**

---

Plaintiff Wade M. ("Plaintiff") has brought this action pursuant to 42 U.S.C. §

405(g) to review a decision of the Defendant Commissioner of Social Security

("Commissioner"), denying Plaintiff's application for Supplemental Security

Income.  On April 16, 2026, Magistrate Judge Karen L. Litkovitz filed a Report and

Recommendations (Report, Doc. #10), recommending that the Commissioner's

---

1 "The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases[,] federal courts should refer to plaintiffs only by their first names and last initials."  S.D. OHIO GEN.R. 22-01.

Administrative Law Judge's ("ALJ") decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be affirmed.   Based upon reasoning and citations of authority set forth in the Report, a thorough *de novo* review of this Court's file, including the Administrative Record (Doc. #5), and a thorough review of the applicable law, this Court ADOPTS the Report and OVERRULES Plaintiff's Objections (Doc. #11) thereto. The Court, in so doing, affirms the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act.

## I.    Legal Standards

Under Rule 72(b), this Court must review *de novo* any timely, specific objection to a report and recommendations.   "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."   FED.R.CIV.P. 72(b)(3).   In reviewing the Commissioner's decision, the Court's task is to determine if the record as a whole constitutes "substantial evidence" that supports the Commissioner's finding of non-disability.   42 U.S.C. § 405(g).   "The threshold for such evidentiary sufficiency is not high.   Substantial evidence, this Court has said, is more than a mere scintilla.   It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citations omitted); *accord: Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.

2

1989) (emphasis added) ("Substantial evidence is more than a scintilla of evidence *but less than a preponderance*[.]").

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's "findings are supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

## II.    Analysis

In addition to the foregoing, this Court makes the following, non-exclusive, observations:

In the Report and Recommendations, the Magistrate Judge addressed Plaintiff's argument that his marked limitations in understanding, remembering, and applying information rendered him unable to sustain goal-oriented work by

3

stating that "[i]t may be rare, but it is not unprecedented" that "a claimant, though markedly limited in his ability to understand, remember, and apply information, is capable of full-time, goal oriented, competitive work." (Doc. #10, PAGEID 947, quoting *Keith E. L. v. Colvin*, No. 1:23-cv-1066, 2025 WL 524758, *5 (M.D.N.C. Feb. 18, 2025); *Richard B. v. Comm'r of Soc. Sec.*, No. 1:20-cv-585, 2021 WL 4316908, *8 (W.D.N.Y. Sept. 23, 2021)). Plaintiff objects that the cases cited by the Magistrate Judge address whether a claimant can work at all with marked limitations in those areas, and that his "argument is much more narrow and specific"; specifically, that ALJ Heidi Southern erred when she "found [Plaintiff] capable of **'goal-oriented'** (*e.g.*, office cleaner per the ALJ) work despite also finding him markedly limited in the ability to understand, remember, or apply information. This is simply illogical and internally contradictory on its face." (Doc. #11, PAGEID 952 (emphasis in original), citing ALJ Decision, Doc. #5-2, 36, 38-39). Plaintiff continues that his attorney "has handled thousands of Social Security Disability cases, and . . . cannot recall a case where an ALJ found that an individual with marked limitations in understanding, remembering, or applying information can sustain full-time[,] competitive[, and] goal-oriented work." (Doc. #11, PAGEID 952). Plaintiff essentially argues that the internal contradiction means that the ALJ did not build a logical bridge between the evidence, his residual functional capacity ("RFC"), and the ALJ's conclusion that "there are jobs that exist in significant numbers in the

4

national economy that [Plaintiff] can perform[.]"    (Doc. #5-2, PAGEID 46).

To the extent that Plaintiff is arguing that marked limitations in understanding, remembering, and applying information preclude any goal-oriented employment, he cites no caselaw in support of that point.   Moreover, the ALJ "translated" the marked limitations "into a vocational ability to perform unskilled, simple, routine, repetitive tasks of no more than one to two steps" in formulating the RFC.   (Doc. #5-2, PAGEID 45).   With these limitations, the Vocational Expert ("VE") testified that a substantial number of jobs existed in the national economy that Plaintiff is capable of performing.   (*Id.* at PAGEID 47; *see also* Hrg. Tr., Doc. #5-2, PAGEID 73-74 (VE testimony regarding same)).   In sum, the ALJ did build a logical bridge between Plaintiff's limitations, the RFC, and the ALJ's finding of non-disability—a finding that is supported by substantial evidence.   Accordingly, Plaintiff's sole objection is overruled.

## III.   Conclusion

Based on the above, this Court ADOPTS the Report and Recommendations of the Magistrate Judge (Doc. #10) and OVERRULES Plaintiff's Objections thereto. (Doc. #11).   Judgment shall enter in favor of the Commissioner and against Plaintiff, affirming the Commissioner's finding that Plaintiff is not disabled and not entitled to benefits under the Act.

The captioned cause is hereby ordered terminated upon the docket records

of the United States District Court for the Southern District of Ohio, Western

Division, at Dayton.

IT IS SO ORDERED.

June 23, 2026

_Walter H. Rice_
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT